UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

DARREN WEBSTER,

      Plaintiff,

      v.

CANYON VIEW HOSPITAL, et al.,

      Defendants**.**

**Case No. 1:22-cv-00047-BLW**

**INITIAL REVIEW ORDER BY SCREENING JUDGE**

## INTRODUCTION

Pending before the Court is Plaintiff Darren Webster's Application for Leave to Proceed in Forma Pauperis (Dkt. 5). The Clerk of the Court conditionally filed the complaint on February 3, 2022, because of Plaintiff's in forma pauperis request. (Dkt. 1).

Pursuant to 28 U.S.C. § 1915, the Court must review Plaintiff's request to determine whether he is entitled to proceed in forma pauperis—which permits civil litigants to proceed without prepayment of the filing fee or to pay the filing fee over time. *Rice v. City of Boise City*, No. 1:13-CV-00441-CWD, 2013 WL 6385657, at *1 (D. Idaho Dec. 6, 2013). Because he is filing to proceed in forma pauperis, 28 U.S.C. §1915(e)(2)(b), empowers the Court to "dismiss the case at

**INITIAL REVIEW ORDER - 1**

any time if the court determines . . . the action . . . fails to state a claim on which relief may be granted." Having reviewed the record, and otherwise being fully informed, the Court enters the following Order.

## IFP APPLICATION

Under 28 U.S.C. § 1915(a)(1), a court may allow a litigant to proceed without prepayment of fees if he submits a proper IFP application. Whether to grant an IFP application is based solely on the economic eligibility of the plaintiff. Here, Plaintiff has signed an affidavit in support of his IFP application declaring under penalty of perjury that his monthly expenses take up almost the entirety of his $804 monthly income. Based on this information, the Court will grant the IFP application.

## REVIEW OF COMPLAINT

### 1. Factual Allegations

Plaintiff brings a civil rights action under 42 U.S.C. § 1983 for alleged constitutional violations against St. Luke's Canyon View Hospital and three individuals he identifies as "medical doctors" and names as "Murphy," "Bhandari," and "Sullivan." Plaintiff alleges he is "continually in grievous pain," and the "doctors in question have refused needed medical attention and refused to give him treatment that is usual, customary, reasonable as [he is] confined in a

**INITIAL REVIEW ORDER - 2**

locked hospital." Based on these allegations, Plaintiff claims Defendants violated the Eighth Amendment's prohibition against cruel and unusual punishment.

## 2. Screening Standard

The Court is permitted to conduct an initial review of complaints filed in forma pauperis to determine whether summary dismissal is appropriate. If it chooses to engage in such a review, the statute requires the Court to dismiss any portion of the complaint if it states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief can be granted, plaintiff's complaint must include facts sufficient to show a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).

A complaint fails to state a claim for relief under Rule 8 of the Federal Rules of Civil Procedure if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In other words, although Rule 8 "does not require detailed factual allegations, . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (internal quotation marks

**INITIAL REVIEW ORDER - 3**

omitted). If the facts pleaded are "merely consistent with a defendant's liability,"
the complaint has not stated a claim for relief that is plausible on its face. *Id.*
(internal quotation marks omitted).

During this initial review, courts generally construe pro se pleadings
liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*,
213 F.3d 443, 447 (9th Cir. 2000). The critical inquiry is whether a constitutional
claim, however inartfully pleaded, has an arguable factual and legal basis. *See
Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (discussing Federal Rule of
Civil Procedure 12(b)(6)), superseded by statute on other grounds as stated in
*Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000). Additionally, if amending the
complaint would remedy the deficiencies, plaintiffs should be notified and
provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th
Cir. 2003).

Plaintiff brings his claims under 42 U.S.C. § 1983, the civil rights statute. To
state a valid claim under § 1983, a plaintiff must allege a violation of rights
protected by the Constitution or created by federal statute proximately caused by
the conduct of a person acting under color of state law. *Crumpton v. Gates*, 947
F.2d 1418, 1420 (9th Cir. 1991); *Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d
1143, 1149 (9th Cir. 2011). To be liable under § 1983, "the defendant must possess
a purposeful, a knowing, or possibly a reckless state of mind." *Kingsley v.*

**INITIAL REVIEW ORDER - 4**

*Hendrickson*, 135 S. Ct. 2466, 2472 (2015). Negligence is not actionable under § 1983, because a negligent act by a public official is not an abuse of governmental power but merely a "failure to measure up to the conduct of a reasonable person." *Daniels v. Williams*, 474 U.S. 327, 332 (1986).

### 3. Individual Physicians

As noted, to state a claim under § 1983, a plaintiff must not only allege the violation of a constitutional right or federal statute but also that the alleged deprivation was committed by a person acting *under color of state law*. *Crumpton*, 947 F.2d at 1420. Plaintiff's Complaint raises the threshold question of whether the individual doctors acted under color of state law in allegedly refusing to give him needed medical attention and treatment.

#### A. Under Color of State Law

Section 1983 created a federal cause of action for damages to vindicate alleged violations of federal law committed by individuals acting "under color of state law." 42 U.S.C. § 1983; *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails."). Thus, the only proper defendants in a § 1983 claim are those who "represent [the state] in some capacity, whether they act in accordance with their authority or misuse it." *National Collegiate Athletic Ass'n*

**INITIAL REVIEW ORDER - 5**

*v. Tarkanian*, 488 U.S. 179, 191 (1988). By contrast, §1983 does not provide a remedy for purely private conduct that is not fairly attributable to the State, "no matter how unfair that conduct may be." *Id*.

Private hospitals, doctors, and nurses are not generally considered state actors amenable to suit under § 1983. *See Briley v. California*, 564 F.2d 849, 855-856 (9th Cir. 1977) (noting that "private hospitals and physicians have consistently been dismissed from § 1983 actions for failing to come within the color of state law requirement of this section."); *see also Babchuk v. Indiana Univ. Health, Inc*., 809 F.3d 966, 970-71 (7th Cir. 2016); *Fonseca v. Kaiser Permanente Med. Ctr. Roseville*, 222 F. Supp. 3d 850, 862 (E.D. Cal. 2016) ("[E]ven though doctors' services are 'affected with a public interest,' the same may be said of many professions, and this does not automatically convert their every action into an action of the state.") (citation omitted).

Here, Plaintiff has alleged no facts suggesting that the individual doctors are state actors. They are not state employees, and Plaintiff alleges no facts suggesting that these private actors were willful participants "in joint action with the State or its agents." *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2002). The general rule gives way if the plaintiff can allege facts showing that a private person was "a willful participant in joint action with the State or its agents." *Id.* (quoting *Dennis v. Sparks*, 449 U.S. 24, 27 (1980)). To do this, the plaintiff must be able to show

**INITIAL REVIEW ORDER - 6**

that the defendant meets at least one of the four *Kirtley* tests for state action by a private person: 1) the private person performed a public function; 2) there was joint action between the State and the private person; 3) the State compelled the private person to act; or 3) there was a close nexus between the State and the private person's action. *Kirtley*, 326 F.3d at 1093-95. As pleaded, Plaintiff's complaint does not make out a claim under any of the four tests for state action by a private person.

In order to state a claim under the public function test, Plaintiff must be able to plead facts that show the individual doctor defendants engaging in an activity that is both traditionally and exclusively governmental. *Id.* at 1093. For example, the Ninth Circuit in *Brunette v. Humane Society of Ventura County*, said that repairing a fighter jet does not qualify as state action under the public function test because it is a traditional function of government but not its exclusive prerogative, whereas administering elections or running towns are both traditionally and exclusively government functions. *Brunette v. Humane Society of Ventura County*, 294 F.3d 1205, 1214 (9th Cir. 2002). (citing *Vincent v. Trend W. Tech. Corp.*, 828 F.2d 563, 569 (9th Cir. 1987)). A private physician providing medical care at a private hospital is a private function and not a traditional and exclusive function of the government.

**INITIAL REVIEW ORDER - 7**

In order to state a claim under the joint action test, Plaintiff must plead facts that show the state and the individual physician defendants were so far intertwined as to make them joint participants in the alleged wrongful act.  This is accomplished if Plaintiff pleads facts showing that the "state knowingly accepts benefits derived from unconstitutional behavior." *Kirtley*, 326 F.3d at 1093. Plaintiff makes no claim that the state received any benefit from the alleged denial of medical care by the private physicians.

In order to meet the compulsion test, Plaintiff would have to plead some facts showing that the State's "coercive influence or significant encouragement" converted the individual physicians' private action into a government action. *Kirtley*, 326 F.3d at 1094. Again, Plaintiff alleges no facts suggesting the state coerced the physicians. Indeed, Plaintiff's complaint makes no mention of the State.

 Even under the nexus test, which the Ninth Circuit described as "the most vague," Plaintiff has not pleaded any facts that would support the claim that there is "such a close nexus between the State and the challenged action that the seemingly private behavior may be fairly treated as that of the State itself." *Kirtley*, 326 F.3d at 1094-95. Plaintiff alleges no facts indicating the physician defendants were appointed by the State or paid by the State.

**INITIAL REVIEW ORDER - 8**

### B. Constitutional Violation

Plaintiffs' Eighth Amendment claim against the individual doctors fails for the additional reason that he has not shown he was convicted of a crime. "The Cruel and Unusual Punishments Clause was designed to protect those convicted of crimes," and therefore it "applies only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions." *Whitley v. Albers*, 475 U.S. 312, 318 (1986) (citing *Ingraham v. Wright*, 430 U.S. 651, 671 (1977) (internal quotations marks omitted). Here, Plaintiff says he is locked in the hospital but does not allege he is locked in the hospital because he has been convicted of a crime; indeed, Plaintiff does not even allege he has been detained in the hospital against his will. Therefore, the Eighth Amendment's prohibition of cruel and unusual punishments does not apply—even if Defendants were alleged to have acted under color of state law.

### 4.  Canyon View Hospital

To bring a § 1983 claim against a municipality—or a private entity performing a government function—a plaintiff must allege: (1) the plaintiff was deprived of a constitutional right; (2) the municipality or entity had a policy or custom; (3) the policy or custom amounted to deliberate indifference to plaintiff's constitutional right; and (4) the policy or custom was the moving force behind the constitutional violation. *Mabe v. San Bernardino Cnty.*, 237 F.3d 1101, 1110–11

**INITIAL REVIEW ORDER - 9**

(9th Cir. 2001). Such a claim is considered a *Monell* claim. In a *Monell* claim, a municipality or private entity performing a state function "may be held liable under § 1983 when the individual who committed the constitutional tort was an official with final policy-making authority or such an official ratified a subordinate's unconstitutional decision or action and the basis for it." *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1250 (9th Cir. 2010), overruled in part on other grounds by *Castro v. Cty. of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) (en banc). A municipality may not, however, be sued under a respondeat superior theory. A plaintiff must therefore show "deliberate action attributable to the municipality [that] directly caused a deprivation of federal rights." *Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397 (1997). "Where a court fails to adhere to rigorous requirements of culpability and causation, municipal liability collapses into respondeat superior liability." *Id.*

A plaintiff cannot simply restate these standards of law in a complaint. Instead, a plaintiff must provide specific facts supporting the elements of each claim and must allege facts showing a causal link between each defendant and plaintiff's injury or damage. Alleging "the mere possibility of misconduct" is not enough. *Iqbal*, 556 U.S. at 679; *see also AE ex rel. Hernandez v. Cty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (stating that for a *Monell* claim the plaintiff "may not simply recite the elements of a cause of action, but must contain

**INITIAL REVIEW ORDER - 10**

sufficient allegations of underlying facts to give fair notice and to enable the

opposing party to defend itself effectively" (internal quotation marks and citation

omitted)).

As a threshold matter, the Court notes that Plaintiff alleges no facts

indicating that Canyon View, a private entity, performs a government function.

Thus, Plaintiff's claim against the hospital must be dismissed on this basis alone.

Second, Plaintiff's claim against Canyon View fails because he does not allege that

Canyon View had any policy or custom that violated his constitutional rights.

Thus, he has not plausibly alleged a § 1983 claim against Canyon View and this

claim must be dismissed for this additional reason.

## 5. Leave to Amend.

Based on the forgoing the Court dismisses this case without prejudice. In

light of his pro se status, however, the Court will grant Plaintiff leave to amend all

the pleading deficiencies it has identified, if he can. *See Rosati v. Igbinoso*, 791

F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se

complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)]

unless 'it is absolutely clear that the deficiencies of the complaint could not be

cured by amendment.'") (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir.

2012)).

**INITIAL REVIEW ORDER - 11**

If Plaintiff chooses to amend the Complaint, as a threshold matter, Plaintiff must demonstrate that each defendant "acted under color of state law" by alleging facts to satisfy one of the tests articulated above. In addition, Plaintiff must demonstrate how the actions complained of have resulted in a deprivation of Plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227, 229 (9th Cir. 1980), *abrogated on other grounds by Kay v. Ehler*, 499 U.S. 432 (1991). Plaintiff must also allege a sufficient causal connection between each defendant's actions and the claimed deprivation. *Taylor*, 880 F.2d at 1045; *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss" or to survive screening under 28 U.S.C. §§ 1915 and 1915A. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Iqbal*, 556 U.S. at 678 ("Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." (internal quotation marks and alteration omitted)).

Rather, for each cause of action against each defendant, Plaintiff must state the following: (1) the name of the person or entity that caused the alleged deprivation of Plaintiff's constitutional rights; (2) facts showing the defendant is a state actor (such as state employment or a state contract) or a private entity performing a state function; (3) the dates on which the conduct of the defendant

**INITIAL REVIEW ORDER - 12**

allegedly took place; (4) the specific conduct or action Plaintiff alleges is

unconstitutional; (5) the particular federal constitutional provision (or state law

provision) Plaintiff alleges has been violated; (6) facts alleging that the elements of

the violation are met; (7) the injury or damages Plaintiff personally suffered; and

(8) the particular type of relief Plaintiff is seeking from each defendant.

Further, any amended complaint must contain all of Plaintiff's allegations in

a single pleading and cannot rely upon, attach, or incorporate by reference other

pleadings or documents. Dist. Idaho Loc. Civ. R. 15.1 ("Any amendment to a

pleading, whether filed as a matter of course or upon a motion to amend, must

reproduce the entire pleading as amended. The proposed amended pleading must

be submitted at the time of filing a motion to amend."); *see also Forsyth v.*

*Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[An] amended complaint

supersedes the original, the latter being treated thereafter as non-existent."),

*overruled in part on other grounds by Lacey v. Maricopa County*, 693 F.3d 896,

(9th Cir. 2012) (en banc); *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc*.,

896 F.2d 1542, 1546 (9th Cir. 1990) (holding that the district court erred by

entering judgment against a party named in the initial complaint, but not in the

amended complaint).

Plaintiff must set forth each different factual allegation in a separate

numbered paragraph. The amended complaint must be legibly written or typed in

**INITIAL REVIEW ORDER - 13**

its entirety, and it should be clearly designated as an "Amended Complaint."

Plaintiff's name and address should be clearly printed at the top left corner of the

first page of each document filed with the Court.

If Plaintiff files an amended complaint, Plaintiff must also file a "Motion to

Review the Amended Complaint." If Plaintiff does not amend within 60 days, or if

the amendment does not comply with Rule 8, this case may be dismissed without

further notice. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a

litigant knowingly and repeatedly refuses to conform his pleadings to the

requirements of the Federal Rules, it is reasonable to conclude that the litigant

simply *cannot* state a claim.").

## ORDER

**IT IS ORDERED:**

1. Plaintiff Darren Webster's Application for Leave to Proceed in Forma
   Pauperis (Dkt. 5) is **GRANTED.**

2. The Complaint fails to state a claim upon relief may be granted.
   Plaintiff has 30 days within which to file an amended complaint as
   described above. If Plaintiff does so, Plaintiff must file (along with the
   amended complaint) a Motion to Review the Amended Complaint.

**INITIAL REVIEW ORDER - 14**

Alternatively, Plaintiff may file a Notice of Voluntary Dismissal if

Plaintiff no longer intends to pursue this case.[1]

3.    If Plaintiff does not file a timely amended complaint, this case may be

dismissed with prejudice and without further notice.

DATED: June 3, 2022

B. Lynn Winmill
U.S. District Court Judge

---

[1] A voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1) is
not a dismissal for frivolity, for maliciousness, or for failure to state a claim upon
which relief may be granted and, therefore, does not count as a "strike" under 28
U.S.C. § 1915(g).

**INITIAL REVIEW ORDER - 15**